```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

IVS GROUP, INC., and
INDUSTRIAL SILOSOURCE, INC.,

    Plaintiffs,

v.                              Civil Action No. 2:17-CV-4018

THE ALL AMERICAN SILO
COMPANY, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is the parties' joint motion to file dispositive motion briefing under seal, filed December 27, 2018.

The parties assert that in considering their dispositive motions, the court will have to analyze documents and information that the parties have designated "Confidential," pursuant to the Agreed Protective Order entered November 14, 2018. The "Confidential" documents and information in question here, according to the parties, concern sensitive business information and trade secrets. The parties therefore seek permission to file "all dispositive motion briefs, supporting memoranda, and deposition transcripts (with exhibits), under seal."

In support, the parties cite **Walker Sys., Inc. v. Hubbell Inc.**, 188 F.R.D. 428 (S.D.W. Va. 1999), which notes

"[w]here . . . the information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted, especially in cases between direct competitors." Id. at 429 (citations omitted).

The Court of Appeals for the Fourth Circuit, however, has stated: "Once the documents are made part of a dispositive motion, such as a summary judgment motion, they 'lose their status of being "raw fruits of discovery."'" Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 252 (4th Cir. 1988) (quoting In re "Agent Orange" Product Liability Litigation, 98 F.R.D. 539, 544–45 (E.D.N.Y. 1983)). "Because summary judgment adjudicates substantive rights and serves as a substitute for a trial," the First Amendment guarantee attaches to that motion. Id.

The court first notes that "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The common law right affords presumptive

access to all judicial records and documents. <u>Nixon v. Warner Comms., Inc.</u>, 435 U.S. 589, 597 (1978); <u>Stone v. University of Md. Medical Sys. Corp.</u>, 855 F.2d 178, 180 (4th Cir. 1988). Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access. <u>Nixon</u>, 435 U.S. at 598-99, 602-03; <u>In re Knight Publishing Co.</u>, 743 F.2d 231, 235 (4th Cir. 1984). Quoting <u>Knight</u>, our court of appeals observed as follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

<u>Virginia Dept. of State Police v. Washington Post</u>, 386 F.3d 567, 575 (4th Cir. 2004) (quoting <u>Knight</u>, 743 F.2d at 235) (emphasis supplied).

Assuming the First Amendment right applies to these particular documents, the movant's burden is more substantial. To obtain a sealing order under the First Amendment rubric, the movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." <u>Globe Newspaper Co. v. Superior Court</u>, 457 U.S. 596, 606-07 (1982); <u>Virginia</u>, 386 F.3d at 573; <u>Stone</u>, 855 F.2d at 180.

3

The parties have not made the showing necessary to obtain a sealing order. In the interests of justice, however, the court will provide a further opportunity to make the required showing of the need for confidentiality as to some material while at the same time assuring that the narrow exception for secrecy extends no further than absolutely necessary in a given case. The right of public access is paramount.

Accordingly, it is ORDERED that the parties' joint motion to file dispositive motion briefing under seal be, and hereby is, denied without prejudice. The parties are directed to file, on or before January 11, 2019, an amended motion to seal that contains the necessary detail in compliance with the aforementioned standards. It is further ORDERED that the schedule for dispositive motions is suspended while resolution of the sealing issue is pending.

The Clerk is directed to transmit copies of this order to all counsel of record.

Enter: January 4, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge