```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

IVS GROUP, INC., and
INDUSTRIAL SILOSOURCE, INC.,

      Plaintiffs/Counterdefendants,

v.                          Civil Action No. 2:17-CV-4018
                           Civil Action No. 2:17-CV-4047

THE ALL AMERICAN SILO
COMPANY, LLC,

      Defendant/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiffs' motion to voluntarily dismiss their claims against the defendant without prejudice, filed October 14, 2018.

### I. Background

Plaintiffs IVS Group, Inc. ("IVS") and Industrial Silosource, Inc. ("ISS") are West Virginia corporations. Am. Compl., ECF No. 33, at ¶¶ 2-3. ISS is a division of IVS engaged in the business of cleaning, inspecting, repairing and retrofitting industrial silos in various industries for customers throughout the United States. Id. ¶¶ 3, 9. ISS claims to have unique systems in place to improve customer relations, train employees and perform its duties which enable

it to be successful in a particularly competitive market.  See id. ¶ 11.  ISS purports to protect this "proprietary information and trade secrets" by requiring employees to sign confidentiality agreements.  Id. ¶ 12.

In September 2017, the plaintiffs initiated three separate lawsuits against defendant All American Silo Company, LLC ("All American"), an Ohio limited liability company, and individual defendants who were previously employed by plaintiffs.  The plaintiffs brought actions against C.J. Piggott and All-American in the Circuit Court of Wood County, West Virginia on September 14, 2017, against Melvin Miller and All American in this court on September 21, 2017, and against Diane Wingrove, Lincoln Echard and All American in this court on September 27, 2017.  In each lawsuit, the plaintiffs asserted claims against the individual defendants for breach of contract, tortious interference with business relations, misappropriation and use of confidential information and trade secrets, and civil conspiracy.  Similarly, against All American, the plaintiffs asserted claims for tortious interference with contract, tortious interference with business relations, misappropriation and use of confidential information and trade secrets, and civil conspiracy in each of the three suits. See Pls.' Mem. Supp. Mot.

Dismissal ("Pls.' Mem."), ECF No. 81, at 2; Def.'s Resp. Opp'n Pls.' Mot. ("Def.'s Resp."), ECF No. 88, at 2.

Each defendant denied the allegations in the complaints and each asserted a counterclaim against plaintiffs for bringing misappropriation of trade secrets claims in bad faith in violation of the West Virginia Uniform Trade Secrets Act, W. Va. Code §§ 47-22-1 et seq.  Plaintiffs responded by denying these counterclaims in their answers.  Pls.' Mem., ECF No. 81, at 2; Def.'s Resp., ECF No. 88, at 2-3.

On March 16, 2018, plaintiffs and Ms. Piggott agreed, by stipulation pursuant to Rule 41(a)(1) and (c), to voluntarily dismiss the claims and counterclaim filed in the state court case with prejudice; and plaintiffs and All American stipulated in that same case to the dismissal of the plaintiffs' claims and the counterclaim without prejudice.  ECF No. 88-4, at 2.

By stipulation of the parties, the action against Mr. Miller and All American were consolidated with the one against Ms. Wingrove, Mr. Echard and All American into the present action on March 26, 2018.  ECF No. 30.  On April 5, 2018, the court, pursuant to agreement between the parties, granted plaintiffs leave to amend the complaint to remove the causes of action against defendants alleging misappropriation and use of confidential information and trade secrets and to consolidate

3

the allegations against all defendants into a single pleading. ECF Nos. 31-32. Defendants Wingrove, Miller and All American filed answers in response to plaintiffs' amended complaint and again asserted counterclaims in which they alleged that the trade secrets claims in the original complaints were brought in bad faith. ECF Nos. 39-41.

By stipulation of voluntary dismissal filed April 18, 2018, the parties dismissed, without prejudice, plaintiffs' claims against Mr. Echard and Mr. Echard's counterclaims against plaintiffs. ECF No. 38. This dismissal was due largely to the fact that Mr. Echard had ceased working for All American and returned to work for ISS. Pls.' Reply, ECF No. 91, at 4.

Further, after receiving responses to written discovery, the plaintiffs sought to pursue claims in arbitration against Michael Curry, a former owner of ISS and current owner of All American. See id. 1, 4. The plaintiffs submitted to Mr. Curry their notice of intent to arbitrate and statement of a claim on October 16, 2018. ECF No. 91-5, at 12.

On August 10, 2018, the plaintiffs proposed, by an email to opposing counsel, the voluntary dismissal of claims against All American without prejudice and against Mr. Miller and Ms. Wingrove with prejudice. ECF No. 91-6, at 1. Defendant's counsel responded on August 17, 2018 and refused to

agree to the dismissal of plaintiffs' claims against All American, unless it was with prejudice.  ECF No. 91-8, at 1-3.  All American also made several additional conditions for voluntary dismissal, including requests for the transfer of internet domain names from plaintiffs to All American and that plaintiffs pay All American's attorneys' fees.  Id.  The plaintiffs replied by letter dated October 3, 2018, stating that they were unwilling to accommodate All American's requests.  ECF No. 91-10, at 1-2.[1]

On October 10, 2018, plaintiffs claim that an email from All American communicated to them that it would not agree to voluntary dismissal.  See Pls.' Reply, ECF No. 91, at 9; ECF No. 85-7, at 1.  On the same date, the parties filed a stipulation of voluntary dismissal wherein the plaintiffs' claims against Mr. Miller and Ms. Wingrove, and their respective

---

[1] The court acknowledges the attachments referenced by the parties here which exhibit the communications between the parties regarding the reasons for delayed responses to All American's terms for dismissal as well as the urgency that All American displayed in seeking to either resolve the issue or proceed with discovery.  In particular, in a September 24, 2018 email from All American, counsel provided a deadline for plaintiffs' response to its dismissal terms and set forth the law on which its now pending motion for judgment on the pleadings would be based.  ECF No. 82-2, at 9-10; see generally, Def.'s Mem. Supp. Mot. Dismiss, ECF No. 79.

counterclaims against the plaintiffs, were dismissed with prejudice. ECF No. 77.

The only remaining claims are those asserted by the plaintiffs against All American and All American's counterclaim against the plaintiffs. All American moved for judgment on the pleadings on October 11, 2018, a motion to which plaintiffs have since responded and All American has replied. The plaintiffs filed the instant motion to voluntarily dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) on October 14, 2018, to which All American has responded[2] and plaintiffs have replied.

As a result of All American allegedly noticing several depositions without first conferring with plaintiffs' counsel as to time and place, plaintiffs filed, on October 17, 2018, a motion for protective order to stay discovery until the court ruled on the plaintiffs' motion to voluntarily dismiss without prejudice, filed three days earlier, and/or All American's motion for judgment on the pleadings. Pls.' Mem. Supp. Mot. Protective Order, ECF No. 83, at 3-6. All American responded in opposition to the motion to stay.

---

[2] All American requests in its response that the court either grant plaintiffs' motion **with** prejudice or stay a ruling until the court rules on All American's motion for judgment on the pleadings. Def.'s Resp., ECF No. 88, at 7.

After a hearing held before the court on October 22, 2018, the court issued an order granting plaintiffs' motion for a protective order insofar as it extended, among other deadlines, the discovery close date from November 5, 2018 until November 26, 2018, to accommodate plaintiffs' counsel in the taking of depositions in this matter. ECF No. 86.

Subsequent to the hearing for protective order, the court permitted multiple extensions of deadlines. In its January 25, 2019 order provisionally granting the plaintiffs' unopposed motion to seal certain exhibits they planned to attach to their motion for summary judgment, the court set a dispositive motions deadline of January 30, 2019. ECF No. 132, at 1-2.

On January 30, 2019, the parties filed cross motions for summary judgment only on All American's counterclaim. ECF Nos. 133, 136.

## II. Analysis

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:

> Except as provided in Rule 41(a)(1) [dismissal before service or answer or dismissal by stipulation], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers

> proper. If a defendant has pleaded a counterclaim
> before being served with the plaintiff's motion to
> dismiss, the action may be dismissed over the
> defendant's objection only if the counterclaim can
> remain pending for independent adjudication. Unless
> the order states otherwise, a dismissal under this
> paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

"The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." Id. (citing McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986)). "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986); see also Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001) ("A plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant."). "It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit." Davis, 819 F.2d at 1274. "The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the

district court, and its order will ordinarily not be reversed except for an abuse of discretion." Id. (citing McCants, 781 F.2d at 857).

The parties agree that the district court should consider the following when ruling on motions to voluntarily dismiss without prejudice:

> (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e. whether a motion for summary judgment is pending. Teck Gen. P'ship v. Crown Cent. Petroleum Corp., 28 F. Supp. 2d 989, 991 (E.D. Va. 1998) (citing Gross v. Spies, 133 F.3d 914, 1998 WL 8006, *5 (4th Cir. 1998) (unpublished decision)). Although the factors are relevant to the issue of prejudice to the defendant, they are not to be considered exhaustive, and therefore, do not exclude factors particular to a specific case.

Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D.W. Va. 2003).

The first factor – All American's effort and expense in preparing for trial – weighs slightly against dismissal without prejudice here. All American has been involved in defending three separate lawsuits brought by plaintiffs since September 2017, two of which were consolidated into the present action in April 2018 and the other dismissed in March 2018. All American filed counterclaims to each original complaint as well as the amended complaint in the present action, arising from the

9

misappropriation of trade secrets allegations originally made by the plaintiffs.  All American has provided all the initial disclosures and exchanged initial sets of written discovery with the plaintiffs.  Pls.' Reply, ECF No. 91, at 7.  In addition to being involved in constant dismissal discussions with the plaintiffs, All American filed a Rule 12(c) motion on October 11, 2018 after it became apparent from plaintiffs' October 3, 2018 letter that the plaintiffs would not meet All American's terms of dismissal which included a transfer of domain names and attorney fees.  Plaintiffs' argument that All American is driving up its own costs by, among other things, vigorously pursuing its own counterclaim and the dismissal of plaintiffs' claims with prejudice, by taking depositions and opposing the present motion, is unpersuasive.  Id. at 8.  All American's actions here would not have arisen absent the plaintiffs' initial allegations, and it may defend and prosecute claims as it sees fit.

However, at the time the plaintiffs' motion was filed, discovery had not yet concluded and no depositions had been taken regarding either plaintiffs' claims or All American's counterclaim.

Second, the court does not find any excessive delay or lack of diligence on the part of the plaintiffs in this case.

It is true that plaintiffs filed this motion nearly thirteen months after the initiation of the case and only three weeks before the close of discovery. However, after being served with All American's written discovery requests on June 1, 2018, ECF No. 47, the plaintiffs initiated voluntary dismissal discussions by email with All American on August 10, 2018, ECF No. 91-6, at 1. After All American's response to that email on August 17, 2018, in which it demanded much more than a mere dismissal without prejudice, the two lead counsel for plaintiffs were drawn away due to understandable though different personal circumstances of each of them, and they were unable to quickly provide All American a definitive answer to its response. See ECF No. 91-9, at 1-7; ECF No. 83, at 2.

The plaintiffs notified All American by letter, dated October 3, 2018, that they would not be able to meet its demanding terms, ECF No. 91-10, at 1-2, and by email on October 10, 2018, All American indicated to the plaintiffs that it would not agree to voluntary dismissal without prejudice, ECF No. 85-7, at 1. Just four days later, the plaintiffs filed this motion.

In view of all these circumstances, the court concludes that the plaintiffs have neither caused excessive

delay nor demonstrated a lack of diligence in moving for voluntary dismissal or in prosecuting the case in general.

Third, the court finds that the plaintiffs provided a sufficient explanation for the need for dismissal without prejudice. While the initial reasons given in the plaintiffs' motion are somewhat sparse, the explanation provided in the reply provides two related reasons in particular that the court finds sufficient for plaintiffs' need to dismiss. The plaintiffs plausibly assert that inasmuch as the "civil actions against the individual defendants were grounded in breaches of their confidentiality agreements with Plaintiffs, and All Americans' actions in concert with those breaches[,] . . . continuing this action against All American alone is unnecessary and unjustified." Pls.' Reply, ECF No. 91, at 10. And, according to the plaintiffs, after reviewing the written discovery responses, the best action for plaintiffs was found by them to be the pursuit of their claims in arbitration against Michael Curry, the current owner of All American. Id.[3]

---

[3] The plaintiffs also provided other reasons such as their desire to avoid pursuing actions in this court and in arbitration, that this litigation was still at an early stage, that voluntary dismissal would promote judicial economy and that there were confidential business reasons to voluntarily dismiss their claims at that juncture. Pls.' Reply, ECF No. 91, at 10.

Fourth, the court finds that the last enumerated factor, the present stage of litigation, weighs significantly in favor of dismissal without prejudice. At the time plaintiffs filed their motion, only written discovery had taken place, no motion for summary judgment was pending and no depositions had been taken. All American's Rule 12(c) motion for judgment on the pleadings, which may be likened to a motion to dismiss, had been pending for only three days at the time of the plaintiffs' filing. Several depositions had just been unilaterally noticed by All American on September 28, 2018, after plaintiffs' counsel, due to the personal circumstances noted above, had been unable to offer deposition dates by the deadline given by All American. Def.'s Resp. Opp. Pls.' Mot. Protective Order, ECF No. 85, at 3. Currently, the pending motions for summary judgment only concern All American's counterclaims.

All American contends that because it filed its motion for judgment on the pleadings before plaintiffs filed this motion, plaintiffs are attempting to escape the dismissal of their claims with prejudice. Def.'s Resp., ECF No. 88, at 9. In support of this contention, All American cites two instances in which the district court's decision to deny a motion for voluntary dismissal without prejudice was upheld because the defendant had prepared "a dispositive motion" – in those cases,

motions for summary judgment.  Id. (citing Armstrong v. Frostie Co., 453 F.2d 914, 916, 918 (4th Cir. 1971)[4] (treating defendant's motion to dismiss on res judicata or collateral estoppel principles as a motion for summary judgment); Pace v. S. Exp. Co., 409 F.2d 331, 334 (7th Cir. 1969)).  All American further argues that the court in Pace denied the motion for voluntary dismissal because the plaintiff filed it to deprive the defendant of a ruling on its dispositive motion.  409 F.2d at 334.

    In both cases cited by All American, the Court of Appeals for the Fourth and Seventh Circuits explicitly noted that the pending motions were, or were to be treated as, summary judgment motions filed against the plaintiffs.  Armstrong, 453 F.2d at 916, 918; Pace, 409 F.2d at 334.  Furthermore, in Pace, the plaintiff had failed to file any response to the defendant's summary judgment motion, which indicated to the court that the plaintiff, by instead filing a motion for voluntary dismissal, "was attempting to deprive the defendant of a ruling on the

---

[4] The plaintiff in Armstrong filed a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(i) and argued on appeal that the district court should have treated it as a motion to voluntarily dismiss without prejudice pursuant to Rule 41(a)(2).  The Fourth Circuit stated that even had the district court treated plaintiff's notice of dismissal as a motion under Rule 41(a)(2), denying it "would not have been an abuse of discretion in view of the advanced stage of the proceedings."  Armstrong, 453 F.2d at 916.

14

summary judgment motion by its dismissal tactic." 409 F.2d at 334.

"The Fourth Circuit defines the final factor as whether a motion for summary judgment is pending." 9 Wright and Miller, Federal Practice & Procedure, § 2364 (3d ed. Apr. 2019 update); see also Vosburgh, 217 F.R.D. at 386.[5] Here, there is no motion for summary judgment pending on plaintiffs' claims, but rather a Rule 12(c) motion for judgment on the pleadings. The Fourth Circuit has stated:

> The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6). Therefore, a motion for judgment on the pleadings should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact.

---

[5] Other circuit courts have similarly adopted the motion for summary judgment as the important document in determining whether the present stage of litigation weighs for or against voluntary dismissal. See, e.g., Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953 (6th Cir. 2009) (One of the factors a court might consider in deciding a Rule 41(a)(2) motion is "whether a motion for summary judgment has been filed by the defendant.") (citations omitted); Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) ("In deciding whether to grant a Rule 41(a)(2) motion, courts typically look to . . . 'the fact that a motion for summary judgment has been filed by the defendant.'") (citations omitted); Pace, 409 F.2d at 334 (One of the "factors justifying denial [of a Rule 41(a)(2) motion is] . . . the fact that a motion for summary judgment has been filed by the defendant.").

Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014) (internal citations and quotations omitted).

Also, unlike Pace, where the plaintiff filed the motion to voluntarily dismiss and failed to proffer legal opposition to defendant's motion for summary judgment, the plaintiffs here, in addition to moving for voluntary dismissal, filed a response in opposition to All American's motion for judgment on the pleadings in which they reasonably contest All American's legal arguments. See Pls.' Resp. Def.'s Mot. Dismiss, ECF No. 87.

Finally, All American offers an additional factor it claims weighs against dismissal without prejudice. All American states that plaintiffs admitted to "misusing litigation to impede All American from lawfully competing in the silo-servicing industry." Def.'s Resp., ECF no. 88, at 9. All American bases this argument on a response by plaintiffs to one of its requests for admissions, in which it asked the plaintiffs to: "Admit that to date plaintiffs are not seeking to prohibit, restrain or impede any of the Defendants from engaging in lawful business competition against Plaintiffs." ECF No. 85-1, at 9. The plaintiffs responded: "Deny." Id.

The court finds All American's argument regarding plaintiffs' admission unpersuasive. It is apparent that the plaintiffs misinterpreted All American's request, perhaps due to the requester's use of the negative in its presentation. Indeed, the plaintiffs' response is quite at odds with the other responses made in that set of requests for admission. The plaintiffs also later acknowledged that their denial "was a mistake based on a misreading of All American's (somewhat incomprehensible) written request." Pls.' Resp. Opp. Def.'s Mot. Summary J., ECF No. 139, at 11. Though the request was not incomprehensible, plaintiffs' mistaken answer is understandable.

All American also relies on Pace as a case in which the court affirmed the district court's denial of the motion for voluntary dismissal without prejudice, in part, because there were three related suits, filed at a later time, in state court that were still pending against the defendant. 409 F.2d at 334. That is not the case here. Although there were three separate lawsuits pending here at one time, one was soon dismissed in state court and the other two are consolidated in this action, with all defendants dismissed, except for All American, prior to plaintiffs filing this motion.

**All American declares that:**

**The bottom line is that given Plaintiffs' litigation tactics for over a year, a dismissal without prejudice under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(a)(2) would be unjust, not only leaving the door open for re-filing of further, unwarranted litigation against All American, but also preventing All American from taking discovery and being heard on its counterclaim, if Court declined to exercise jurisdiction over All American's counterclaim.**

Def.'s Resp., ECF No. 88 at 7. As previously noted, however, "[i]t is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit." Davis, 819 F.2d at 1274. The court is also retaining jurisdiction over All American's counterclaim pursuant to 28 U.S.C. § 1332, as the parties remain completely diverse, and the amount in controversy exceeds $75,000. See Def.'s Resp., ECF No. 88, at 10; Fed. R. Civ. P. 41(a)(2).

The court finds that in weighing these five factors, plaintiffs' claims should be dismissed without prejudice. All American has not demonstrated that it would suffer substantial prejudice if plaintiffs' motion were granted. See Davis, 819 F.2d at 1273-74.

Rule 41(a)(2) also permits the court to condition the dismissal on terms the court considers proper. Accordingly, All American will be permitted to use materials developed or obtained during discovery in this case in any future proceedings

in this court involving any related claim brought by the plaintiffs, or either of them, on a substantially similar theory of liability.

### III. Conclusion

For the foregoing reasons, it is ORDERED that plaintiffs' claims against All American be, and hereby are, dismissed without prejudice. It is further ORDERED that defendant's motion for judgment on the pleadings, filed October 11, 2018, be, and hereby is, denied as moot.

The Clerk is directed to transmit this memorandum opinion and order to all counsel of record.

                Enter: May 14, 2019

                John T. Copenhaver, Jr.
                Senior United States District Judge